Ruffin, Chief Justice,
 

 having stated the case as above set forth, proceeded as follows: — The legal operation of the deed admits of no dispute as to the issue of Betty and Sukey. Their issue follows themselves, of course. A question might be made upon the subsequent issue of Violet, upon the ground of the particular restriction to the three children she then had, and to them
 
 only.
 
 But the Court does not deem it material to determine it, as it could not, if in favour of the plaintiffs, afford a foundation for any relief to the plaintiffs upon these proceedings. The equity of the plaintiffs obviously depends upon the terms of the agreement itself' between the parties to the proposed marriage, and the departure or conformity of the settlement founded on it.
 

 It could scarcely be doubted by any person, that the deed, as. drawn, varies from the intentions of the husband and trustee, existing at the time of its execution ; and from the instructions given to the draftsman. The testimony of Mr. Bryan is precise, positive and clear to that point. His credit is not questioned by the defendants; and indeed stands .apparent upon the fair and candid manner in which he speaks in both his answer and deposition. He does not therefore need the support, in respect of his credit, of the testimony of the solicitor who wrote the deed: Nor is the case open to the objection made at the bar, that the deed ought not to be altered upon parol testimony merely, especially that of one witness. The instrument itself bears upon its .face unequivocal evidence that the instructions given were not understood or not regarded; and denotes that some such alteration as the witness speaks of was aimed at by the writer, when he made the erasures and interlineations which altered the reading of the instrument, the whole being still legible. This part of the case _ does not therefore rest on parol testimony merely ; but is
 
 *233
 
 fortified by the writing itself, and that in a stronger manner than if there had been separate written articles or memorandums; because these last might possibly have been departed from by a new agreement béfore the deed was settled. The Court therefore is obliged to perceive, that the deed is not conformable to the instructions, and was executed by the husband under a mistake as to its contents and legal operation,
 

 But assuming these facts, it is, nevertheless, our opinion, that the plaintiffs cannot have a decree. It seems to us that the instrument, has, by accident, — supposing it to be in all respects as contended by the defendants, — been framed exactly as it ought to have been, according to the original agreement between the parties. This is a post-nuptial settlement, professing to be executed according to an agreement before' marriage, and mustvof necessity be subject to the control of the agreement, as the execution of the deed is then the act of the husband alone, and the wife is - in his power. If the agreement had been by written articles, there could be no doubt upon the subject; for in some cases, even where the settlement had been executed before marriage, it has been reformed according to the articles, when it was apparent that the departure did not arise from a change as to the terms of the agree-’ ment, but that it was intended to pursue the articles, and they had been mistaken. The Court has always modelled articles so as to effectuate the intention of the parties; and when, by following the words of the articles, a settlement drawn under them, even before marriage, would give the husband an estate-tail, or would give the estate to the issue of /the husband by another marriage, the settlement has been dealt with so as to make it conform to the-articles according to their true construction, and not their strictly verbal sense.
 
 Seymore
 
 v.
 
 Boreman,
 
 cited 2 Meriv. 347.
 
 Randall
 
 v.
 
 Willis,
 
 5 Ves. 575.
 
 Wert
 
 v.
 
 Errisey, 2
 
 Pr. Wms. 355. Much more clearly will the Court hold the husband to the articles, when the whole rests in executory contracts until after the marriage; for then the husband has every thing in his own hands,' arid the wife cannot vary her agreement.
 
 *234
 
 The question therefore is, what was the original agreement in this case. Unfortunately it rested in parol; and no person pretends to state its precise terms, so that the Court is obliged to collect it from the circumstances; and therefore some uncertainty must be felt as to the absolute correctness of our conclusions. Perhaps, however, as ittle exists here as could be expected in any case. The bill charges that it was distinctly agreed before the marriage, that the husband should have all the issue of the slaves that might be born in his lifetime; and that the power and beneficial interest of the wife should extend only to the original stock; all which was communicated to Mr. Bryan, the trustee, by both the parties, before marriage. That is a most material allegation to the plaintiff’s equity. But it is not sustained
 
 by proof. As
 
 the agreement was by parol, and Bryan does not profess to recollect all that the parties told him before the marriage as to the nature of their respective interests, it has been argued, that the terms of the agrément in this respect may be collected from the concurrence of the views of all the parties, respecting the settlement, as the same was understood by Bryan, and explained
 
 by him to the
 
 others, when it was executed. It is said, that this was not a new provision introduced first into the settlement, but that its existence there, without objection, proves that it entered into the original agreement. The Court does not inquire, whether such an inference is just or legitimate in transactions between husband and wife; for it seems to us, that the inference itself cannot with truth be made.
 

 In the first place, neither the husband nor the trustee alleges any other departure in the deed from the instructions or from the agreement, but the one respecting the slaves that might be born. Mr. Bryan says, he cannot recollect any part of the agreement as communicated to him before the marriage, except that the wife was to have all her slaves secured to herself exclusively, subject to the life-estate of the husband, with power to her to dispose of them after his death. No doubt, there were other stipulations. What were they ? Was the absolute gift of the issue to the husband one of them ? We deem it nearly certain that it was not. There is not a defect of evidence as to the other
 
 *235
 
 parts of the agreement, although Mr. Bryan, or any other witness does not speak to them. The deed fully supplies all necessary light on this subject. It .shows, that the wife was to renounce all her marital rights in the husband’s estate, real and personal. Being prepared after marriage, upon an agreement by parol, the deed puts her in this respect to an election. But that the deed speaks the substance of the agreement upon this subject, is not at all controverted. If that be so, it is scarcely possible that it could ever have been proposed by the intended husband, or assented to by the wife, that she shpuld be put off with the inadequate provision of her own four original slaves in her old age, when those slaves might be also aged or have died : that the husband shpuld keep all his own estate; be entitled by the law to all that should fall to her during the coverture; and also, under the settlement, to all the profits, and issue of her negroes then in possession. It appears that both the parties were advanced in life at the time of marriage, and the husband had'a family of children; and it is not uncommon under such circumstances, that expecting no issue of the marriage, each keeps his or her own estate, and renounces that of the other. The husband, of course, takes the profits during the coverture, when he supports the wife; and she might be willing to bestow her slaves on him, during his own life, in preference to her own relations. But it cannot be supposed, that she could possibly agree to do so, and strip herself, so as to be destitute in her widowhood and old age.
 

 Then, according to the agreement at stated to Mr. Bryan, before the marriage, the issue followed their mothers, and belonged to the wife — that being the legal effect of it. He can state nothing to the contrary. The other provisions of the deed, which relate to such parts of the contract, as the witness has forgotten, strongly sustains her claim, as having been then expressly recognised. It can moreover, scarcely be supposed, that Mr. Bryan could have forgotten this particular part of the agreement, now alleged by the plaintiff, if it had been mentioned to him before the marriage, more than he has the subsequent instructions. If nothing was said about the issue before
 
 *236
 
 marriage, the effect is the same, as if they were expressly reserved to the wife. From all which, the Court deems it clear, that the stipulation, that the issue should belong to the husband, was a new one, first suggested' to his mind after the marriage, and probably after Yiolet had another child, and was improperly designed by him to be interpolated into the settlement. If the attempt had been successful, the Court upon this evidence would have been constrained to modify the settlement, so as to secure the issue to the wife; and consequently cannot, in the case which has happened, alter it, so as to take the issue from her.
 

 This conclusion renders it unnecessary to make any declaration as to the period of the birth of the boy John, upon which point, however, the plaintiff has not offered any proof. For if he was born before the execution of the deed, and therefore did not pass by it, still, as a part of the issue embraced in the original agreement, he belongs in equity, as between these parties, to the donee of the wife. But these proceedings do not authorize any relief to either party in relation to that slave; not to the plaintiff, for want of proof and for want of equitable right; and not to' the defendants, because if John was born before, and did not pass by the deed, the donee of the wife must file her own bill to get a title,,if the other party should still hold out. But the present plaintiffs have no title, and their bill must be dismissed with costs to the defendant Bryan, and the defendants Bryan Jones and wife.
 

 Per Curiam. Bill dismissed.